IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Criminal Action No. 5:01CR30-05
                                               (STAMP)
AARON WALLACE,

      Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS**
**TO THE MAGISTRATE JUDGE'S DETENTION ORDER**

I.  Background

On August 2, 2006, United States Probation Officer Daniel E. Fugate filed a petition to revoke the defendant's supervised release on the basis of three positive urine screens over the preceeding five months indicating use by the defendant of both marijuana and cocaine. On August 11, 2006, this Court, following a hearing, entered a judgment revoking defendant's supervised release as a result of his noncompliance with the conditions of supervision. At the revocation hearing, the defendant requested that he be permitted to self-report to the Bureau of Prisons. This Court deferred ruling on the request while the government's motion to detain was still pending before United States Magistrate Judge James E. Seibert.

On August 15, 2006, Magistrate Judge Seibert granted the government's motion to detain. On August 21, 2006, the defendant filed objections to the order granting the motion to detain. The government filed a response.

II. Discussion

Detention orders entered by a magistrate judge are to be reviewed de novo. See 18 U.S.C. §3145; United States v. Clark, 865 F.2d 1433, 1436 (en banc)(4th Cir. 1989)("A defendant ordered detained by a magistrate may seek de novo review in the district court.").

A presumption of detention exists under 18 U.S.C. § 3143(a) when a defendant is awaiting imposition or execution of his sentence. The defendant's burden under that section differs, however, depending on the seriousness of the crime of which the defendant has been convicted. If the defendant has been convicted of (a) a crime of violence, (b) an offense for which the maximum sentence is life imprisonment or death, or (c) a drug offense which carries a statutory maximum of ten years or more, defendant has a heavy burden to overcome in order to avoid detention. Under § 3143(a)(2), the defendant must show that (1) there is a substantial likelihood of acquittal and the government does not recommend a term of imprisonment or (2) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. See e.g. United States v. Fernandez, 144 F. Supp. 2d 115 (N.D.N.Y. 2001) and In Re Sealed Case, 242 F. Supp. 2d 489 (E.D. Mich. 2003).

On the other hand, under § 3143(a)(1), which applies if the defendant is convicted of any other crime not implicated by

§ 3143(a)(2), the defendant merely must prove the second prong of the test articulated in § 3143(a)(2).

The relevant offense for purposes of determining which burden the defendant must meet to overcome the presumption of detention is the underlying offense in this case. Punishment imposed upon the revocation of supervised release is punishment for the original crime, not punishment for conduct leading to revocation. United States v. Soto-Olivas, 44 F.3d 788 (9th Cir. 1995). By the plain language of the statute that enacted supervised release, supervised release is "a part of the sentence." Id.; 18 U.S.C. § 3583(a). Thus, "it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms" of his release.[1] United States v. Paskow, 11 F.3d 873, 881 (9th Cir. 1993).

The defendant here was originally convicted pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860 of the Controlled Substances Act of an offense which carries a maximum sentence of 40 years. Accordingly, defendant's objections to the magistrate

---

[1] The Sentencing Commission's commentary to the Sentencing Guidelines supports this interpretation. See United States Sentencing Commission Guidelines Manual, Chap. 7, Pt. A, § (3)(b)(treating violations as breaches of the court's trust, rather than as "new federal criminal conduct" and indicating that "the sentence imposed upon revocation is intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense"). Soto, 44 F.3d at 790 n.1.

judge's order to detain must be analyzed under the stricter § 3143(a)(2) test.

In this case, the government has recommended imprisonment and the magistrate judge determined, and this Court agrees, that there is no substantial likelihood of acquittal. Further, the defendant has failed to show that he would not pose a danger to any person or the community. The defendant has admitted his guilt to multiple controlled substance violations while he was under supervised release for the underlying crime of distribution of crack cocaine within 1000 feet of a school. No evidence has been presented to the Court in defendant's objections or otherwise to dispute the magistrate judge's finding that the defendant would likely continue to abuse controlled substances if released on bond with the opportunity to self-report. Illegal use of controlled substances is crime of a serious nature that poses a significant risk to members of the community. The Court finds that there is no reasonable expectation that the defendant would not continue to use drugs and participate in criminal activity if he were released on bond with the opportunity to self-report. Accordingly, the defendant's objection to the magistrate judge's order granting the government's motion to detain is OVERRULED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:     August 31, 2006

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE